IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NIKHIL BHARATKUMAR JOSHI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MERRICK GARLAND, Attorney General of the United States, et al., <br><br> Defendants. | 4:23-CV-3049 <br><br> MEMORANDUM AND ORDER |

The plaintiffs are foreign nationals who've petitioned for employment authorization while waiting for adjudication of their underlying petitions for U visas. Frustrated with U.S. Citizenship and Immigration Services (USCIS) delay in deciding their petitions, they're petitioning this Court for mandamus relief directing USCIS to make a decision. Filing 1. But the Court agrees with the defendants that the Court lacks jurisdiction over the plaintiffs' claims.

## BACKGROUND

Pursuant to 8 U.S.C. § 1101(a)(15)(U), aliens may be legally admitted into the United States as nonimmigrants when they've suffered physical or mental abuse as a result of certain specified categories of criminal activity and are helping law enforcement—the so-called "U visa." Certain family members of such aliens may also be admitted as nonimmigrants. *See* § 1101(a)(15)(U)(ii). And the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under" § 1101(a)(15)(U). 8 U.S.C. § 1184(p)(6).

But there are a limited number of U visas available per year. *See* § 1184(p)(2)(A). So if an alien is eligible for a U visa but one isn't available,

they're placed on a waiting list. 8 C.F.R. § 214.14(d)(2). USCIS grants deferred action or parole to petitioners and their qualifying family members while they're on the waiting list, and may authorize employment for them. *Id.*

The plaintiffs in this case have petitioned for U visas, either using Form I-918 or Form I-918A (which is for qualifying family members of U visa recipients). Filing 14-1 at 2-5. And they've petitioned for work authorization, using Form I-765. Filing 1 at 12-16; filing 14-1 at 2-5. But although their petitions have been pending since 2021 or 2022, they haven't been adjudicated yet. *See* filing 1 at 5, 12-16.

The plaintiffs brought this action for mandamus relief against various officials responsible for processing of their petitions: Merrick Garland (the Attorney General of the United States), Alejandro Mayorkas (Secretary of Homeland Security), Ur Mendoza Jaddou (Director of USCIS), Loren K. Miller (Director the USCIS Nebraska service center), and Christopher A. Wray (Director of the FBI). Filing 1. The defendants move to dismiss the complaint for lack of jurisdiction and failure to state a claim. Filing 13.

## STANDARD OF REVIEW

### RULE 12(B)(1)

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction. Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter,* 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA,* 615 F.3d 985, 988 (8th Cir. 2010). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered. *Branson Label*, 793 F.3d at 914. Thus, the nonmoving party would not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court. *Id.* This is a factual attack. *See* filing 14-1.

## RULE 12(B)(6)

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

## DISCUSSION

It's important to note, at the outset, that the plaintiffs' complaint is quite precise about what they're seeking: "to compel defendant agencies and officers of the United States to adjudicate Plaintiffs' I-765 Application(s) for Employment Authorization." Filing 1 at 2. It's on that basis that the defendants argue their claims are unripe.

Specifically, the defendants point out that the plaintiffs' eligibility for a work authorization depends on the preliminary adjudication of their underlying petitions for U visas. *See* filing 15 at 2. Either they must be granted a U visa, *see* § 1184(p)(3)(B), or be put on the waiting list for a U visa, *see* § 214.14(d)(2), or a determination must be made that their pending application is "bona fide," *see* § 1184(p)(6). And none of those things have occurred, *see* filing 14-1, nor do the plaintiffs allege they have, *see* filing 1.

The ripeness inquiry requires examination of both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014). The fitness prong, in particular, safeguards against judicial review of hypothetical or speculative disagreements. *See id.* The touchstone of a ripeness inquiry is whether the harm asserted has matured enough to warrant judicial

intervention—a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. *Id.* at 875-76. And ripeness is jurisdictional. *See United States v. Gates*, 915 F.3d 561, 563 (8th Cir. 2019).

Here, the plaintiffs' complaint raises no issue with respect to the underlying adjudication of their U visa applications. In fact, the plaintiffs' brief in opposition to the defendants' motion to dismiss seems to completely miss the point—it doesn't address the defendants' ripeness, or the issue of ripeness, at all. *See* filing 17. The Court has little choice but to conclude that the plaintiffs' claims are unripe, because the only relief they seek is relief for which they are not yet eligible.

Also pertinent is the standard for granting a writ of mandamus:

> A writ of mandamus is extraordinary relief for which three conditions must be satisfied. First, the party seeking relief must have no other adequate means to attain the relief desired. Second, the petitioner must show that his right to issuance of the writ is clear and indisputable. Third, the court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*In re Brazile*, 993 F.3d 593, 594 (8th Cir. 2021). It's difficult to conclude that the plaintiffs' right to issuance of the writ is "clear and indisputable" when the conditions precedent to the relief they seek haven't been satisfied.[1]

---

[1] This Court also has serious misgivings about whether the writ would be appropriate, given the prudential concerns about reordering the priorities of USCIS that the Court has previously expressed. *Bansal v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3203, 2021 WL 4553017, at *8 (D. Neb. Oct. 5, 2021). But the Court doesn't need to get there in this case.

There's also another jurisdictional problem, which wasn't raised by the defendants but which the Court considers *sua sponte*. See *Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024) (courts have a duty to consider jurisdictional bars *sua sponte*). The jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), provides that "no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security. . . ."

In other words, the Court is barred from exercising jurisdiction by two elements: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151-1381). That includes § 1184. And § 1184(p)(6) is discretionary: "The Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." (Emphasis supplied.) The use of the word "may" suggests discretion. *Thigulla*, 94 F.4th at 775.

The plaintiffs suggest (responding to an argument the defendants *didn't* make) that discretion doesn't include the discretion not to act. See filing 17 at 11-15. But that argument is precluded by the Eighth Circuit's decision in *Thigulla*, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decisionmaking process, not just the result. 94 F.4th at 776.

Finally, the Court notes that the Director of the FBI is also named as a defendant for reasons that aren't exactly clear from the complaint. The only real mention of the FBI in the complaint is that the Director's responsibilities include "the clearance of background check [sic]." Filing 1 at 4. Presumably, the plaintiffs think—although they don't *allege*—that the FBI is holding up the processing of their petitions with slow background checks.

But to the extent such a claim is even presented, it's deficient. There's

simply not enough alleged to infer any delay or wrongdoing on the FBI's part, or to connect the FBI's alleged action or inaction to the plaintiffs' alleged injury.[2] And the Court also agrees with Judge Kopf's conclusion that the FBI has no statutory or regulatory duty regarding the completion of background checks that could give rise to a mandamus claim against the FBI. *Alzuraiki v. Heinauer*, 544 F. Supp. 2d 862, 866-67 (D. Neb. 2008).

In sum, the plaintiffs' claims are unripe, the Court is without jurisdiction to consider them, and the plaintiffs have alleged no sufficient basis for mandamus relief. Accordingly,

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 13) is granted.

2. The plaintiffs' complaint is dismissed.

3. A separate judgment will be entered.

Dated this 31st day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] The plaintiffs' *brief* makes more detailed assertions about the FBI. Filing 17 at 15-17. But a brief, with no evidentiary support, can't expand the pleadings or the record. *See* NECivR 7.1(b)(1)(A) and (b)(2). And even those assertions are insufficient to establish a duty, given that the plaintiffs don't seem to know what the FBI is actually not doing. *See* filing 17 at 17.